FILED
CLERK

12/5/2012 10:11 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------- X
UNITED STATES OF AMERICA

                        Plaintiff,

      -against-

ROSEWALD CLERGE,

                        Defendant.

---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
11-CV-689 (ADS) (ARL)

**APPEARANCES:**

**Mullen and Iannarone, P.C.**
*Attorneys for the United States*
300 Main Street, Suite 3
Smithtown, NY 11787
    By:  Dolores M. Iannarone, Esq., Of Counsel

**Rosewald Clerge, pro se**
359 Randall Avenue
Elmont, NY 11003

**SPATT, District Judge.**

On February 9, 2011, the United States of America ("the Plaintiff" or "the United States") commenced this action against Rosewald Clerge, ("the Defendant") seeking to recover the outstanding debt allegedly owed to the U.S. Department of Education on the Defendant's student loan, including pre-judgment and post-judgment interest and administrative costs. Presently before the Court is the Plaintiff's motion for summary judgment. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

On or about July 29, 1992, the Defendant executed a promissory note to secure a loan of $4,000.00 from the Green Point Savings Bank ("Green Point"), located in Brooklyn, New York. On September 22, 1992 and February 18, 1993, the loan was disbursed in the total amount of

$4,000.00.  The loan obligation was guaranteed by New York Higher Education Services Corporation ("NYHESC" or "Guarantee Agency") and then reinsured by the U.S. Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).

Green Point, as the holder of the note, demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan.  On June 26, 1995, the Defendant defaulted on the obligation and Green Point filed a claim on the loan guarantee.  Due to this default, NYHESC, as the guarantee agency, paid the claim amount of $4,000.00 to Green Point.  NYHESC was subsequently reimbursed by the U.S. Department of Education under its reinsurance agreement.  Pursuant to 34 C.F.R. § 682.410(b)(4), NYHESC attempted to collect the debt from the Defendant, but was unable to collect the full amount.  Accordingly, on May 2, 2003, NYHESC assigned its right and titled to the loan to the U.S. Department of Education.  The U.S. Department of Education remains the owner and holder of the note.

On April 27, 2010, U.S. Department of Education Loan Analyst Peter La Roche signed, under penalty of perjury, a Certificate of Indebtedness reflecting that, as of April 27, 2010, the Defendant owed: (1) $2,841.24 in unpaid principal; (2) $2,610.25 in unpaid interest; and (3) additional interest, at a rate of $0.26 per day through June 30, 2010, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended 20 U.S.C. § 1077A.  (Pl.'s Affirmation, Exh. E.)

On February 9, 2011, the United States commenced the instant action against the Defendant to recover the debt owed to the U.S. Department of Education.  On May 7, 2011, the Defendant, acting pro se, filed a letter motion to dismiss the Plaintiff's Complaint in which he denied the allegations.  In a decision dated October 6, 2011, the Court denied the motion to

dismiss without prejudice and liberally construed the motion to dismiss as the Defendant's timely answer to the complaint pursuant to Federal Rule of Civil Procedure 12(1)(A)(i).

On April 11, 2012, the United States filed the instant motion for summary judgment. On November 7, 2012, the Court ordered the United States to serve and file as a separate document, together with the papers in support of its motion, the form notice provided under Local Rule 56.2, with any necessary amendment and with the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1 attached. The Defendant was directed to submit any opposition to the Plaintiff's motion for summary judgment within twenty days of the Plaintiff's service of the Local Rule 56.2 notice. In addition, the Court ordered the Plaintiff to submit documentation as to the alleged interest rate on the Defendant's student loan after June 30, 2010.

On November 13, 2012, in compliance with the Court's November 7, 2012 order and pursuant to Local Rule 56.2, the United States served on the Defendant a "Notice to Pro Se Litigant Who Opposed Summary Judgment," thus alerting the pro se Defendant "to the potentially serious consequences of a motion for summary judgment, and to the requirements for opposing such a motion." Local Rule 56.2, comm. note. On November 15, 2012, also in compliance with the Court's November 7, 2012 order, the United States submitted supplemental documentation as to the alleged interest rate on the Defendant's student loan after June 30, 2010. The interest rate changed as follows:

(1) Effective June 27, 2010, the rate changed from 3.28% to 3.27% per annum, or approximately $0.25 per day;
(2) Effective June 25, 2011, the rate changed from 3.27% to 3.16% per annum or approximately $0.25 per day; and
(3) Effective July 1, 2012, the rate changed from 3.16% to 3.19% per annum or approximately $0.25 per day.

(See Pl.'s Supp. Affirmation). As such, as of November 14, 2012, the alleged balance owning on the Defendant's loan was $5,682.57, which includes $2,841.24 in principal and $2,841.33 in interest. (Pl.'s Supp. Affirmation, Exh. A.)

To date, although more than twenty days have passed since the Plaintiff served the Local Rule 56.2 notice, the Defendant has not opposed the motion for summary judgment nor has he filed a statement of disputed material facts pursuant to Local Rule 56(b). Accordingly, under Local Rule 56.1(c), the Court deems the facts set forth in the Plaintiff's Local Rule 56.1 Statement to be admitted.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Globecon Group, LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 170 (2d Cir. 2006). In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) (per curiam), and Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989)).

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party to present "specific facts showing

4

a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not then rely solely on "conclusory allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). If the evidence favoring the nonmoving party is "merely colorable . . . or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477, U.S. 242, 249–50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (internal citations omitted).

In an action on a promissory note, summary judgment is appropriate if there is "'no material question concerning execution and default' of the note." Merrill Lynch Commercial Fin. Corp. v. All State Envelopes Ltd., No. 09-CV-0785, 2010 WL 1177451, at *2 (E.D.N.Y. Mar. 24, 2010) (quoting Royal Bank of Canada v. Mahrle, 818 F. Supp. 60, 62 (S.D.N.Y. 1993)).

**B. As to the United States Entitlement to Summary Judgment**

As an initial matter, the Defendant asserts in his Answer that he did apply for a student loan with Green Point Savings Bank, but was denied. Instead, according to the Defendant, Green Point gave him a collateral loan of $4,000.00 against a whole life insurance policy with a cash value of $6,750.00, which he had with Green Point at that time. The Defendant claims that Green Point told him that as he paid back the loan the payments would return to his life insurance policy, but that this turned out not to be true. However, because the Defendant failed to submit any affidavits or evidence that would raise a genuine issue of fact as to the existence of his defense, the Court finds that it is insufficient to defeat the motion for summary judgment. Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996) ("Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy") (internal quotation marks omitted); see also Bano v. Union Carbide Corp., 361 F.3d 696 (2d Cir. 2004) (stating that the defendant bears the burden of proof

5

on affirmative defenses); Overall v. Estate of L.H.P. Klotz, 52 F.3d 398, 403 (2d Cir. 1995) (same).

Where, as here, a motion for summary judgment is unopposed, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial". Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). Accordingly, the Court turns to the issue of whether the Plaintiff has provided sufficient evidence to substantiate the factual assertions with respect to the Defendant's default and outstanding debt.

In support of its motion for summary judgment, the Plaintiff provided several items to establish the debt, including the Defendant's signed promissory note. (Pl.'s Affirmation, Exh. D.) Also, the Plaintiff provided a Certificate of Indebtedness, signed by Loan Analyst La Roche and certified under penalty of perjury, stating that as of April 27, 2010, the Defendant owed: (1) $2,841.24 in unpaid principal; (2) $2,610.25 in unpaid interest; and (3) additional interest, at a rate of $0.26 per day through June 30, 2010, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended 20 U.S.C. § 1077A. (Pl.'s Affirmation, Exh. E.) Lastly, the Plaintiff submitted supplemental documentation concerning the interest rate on the Defendant's student loan after June 30, 2010. (Pl.'s Supp. Affirmation.) Consistent with the other courts in this district, the Court finds that on an unopposed motion for summary judgment, a promissory note and Certificate of Indebtedness from the U.S. Department of Education constitute sufficient evidence of default on a student loan. See, e.g., United States v. Brow, No. 01-CV-4797, 2011 WL 2845300, at *3 (E.D.N.Y. July 13, 2011); United States v. Galarza, No. 10-CV-294, 2011 WL 256536, at *2 (E.D.N.Y. Jan.

26, 2011); United States v. Terry, No. 08-CV-3785, 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009).

The Defendant has not responded to this evidence; has not introduced any evidence on his own behalf; and has not otherwise opposed summary judgment. Based on this uncontroverted record, the Court finds that the Plaintiff has satisfied its burden of showing the existence of the outstanding debt and therefore its entitlement to summary judgment.

**C. As to the Damages and Costs**

The Certificate of Indebtedness establishes that, as of April 27, 2010, the Defendant owed: (1) $2,841.24 in unpaid principal; (2) $2,610.25 in unpaid interest; and (3) additional interest, at a rate of $0.26 per day through June 30, 2010, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended 20 U.S.C. § 1077A. (Pl.'s Affirmation, Exh. E.) Further, the affidavit of U.S. Department of Education Loan Analyst Alberto Francisco establishes that, as of November 14, 2012, the balance owing on the Defendant's student loan was $5,682.57, which includes $2,841.24 in principal and $2,841.33 in interest. From November 14, 2012 until the date of this order, another 20 days have passed, resulting in the Defendant owing an additional $5.00 in interest—*i.e.*, 20 multiplied by $0.25. Thus, the Court finds that the Plaintiff is entitled to judgment in the amount of $2,841.24 in unpaid principal and $2,846.33 in interest, for a total money judgment of $5,687.57. See Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1080(a).

In addition, the Court finds that the Plaintiff is entitled to costs in the amount of $379.00, reflecting this Court's filing fee, plus a service of process fee. See id. § 1080(b); 28 U.S.C. 2412(a)(2). Finally, the Court finds that the Plaintiff is entitled to post-judgment interest

"calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment" and "computed daily to the date of payment". 28 U.S.C. § 1961.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Clerk of the Court is directed to enter a judgment in favor of the United States in the principal amount of $2,841.24, plus interest in the amount of $2,846.33, plus costs of $379.00, for a total sum of $6,066.57, and it is further

**ORDERED**, that post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961, and it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this order as well as the Judgment on the Defendant at the above listed address by first class mail, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
December 5, 2012

                  */s/ Arthur D. Spatt*
                  ARTHUR D. SPATT
                United States District Judge